ELECTRONIC RULING ON PLAINTIFF'S MOTION FOR SEQUESTRATION OF WITNESSES, FILED 6/16/14 (Dkt. #30) IN RAFFONE V. NUGENT, 13 CV 1589 (JBA)

7/17/14 – On or about September 17, 2013, plaintiff, Pasquale Raffone, currently an inmate at the Bridgeport Correctional Center, filed this pro se lawsuit in the Connecticut Superior Court in Bridgeport against defendant Christopher Nugent, a Shelton Police Officer, under Section 1983 for excessive force, with regard to defendant's police dog having bitten plaintiff on March 19, 2013; on October 30, 2013, defendant removed the case to federal court. (Dkt. #1).  On July 7, 2014, plaintiff filed an Amended Complaint (Dkt. #34), as to which defendant filed his Answer and Affirmative Defenses eight days later.  (Dkt. #36).

Under the present scheduling order, all discovery is to be completed by March 31, 2015, status reports are due by April 22, 2015, a status/pre-filing conference is scheduled before U.S. District Judge Janet Bond Arterton on April 29, 2015, and all dispositive motions are due by May 15, 2015.  (1/27/14 Electronic Entry).  On May 12, 2014, Judge Arterton referred this file to this Magistrate Judge to supervise discovery.  (Dkt. #16; see also Dkts. ##22, 25). Familiarity is presumed with this Magistrate Judge's Ruling on Pending Motions, filed June 16, 2014.  (Dkt. #28).

On June 16, 2014, plaintiff filed the pending Motion for Sequestration of Witnesses (Dkt. #30), in which he requests that "all witnesses expected to be called to testify for . . . defendant during the course of pre-trial hearings and/or trial of this matter be sequestered for the duration of said proceedings[,]" and further defendant shall "caution such witnesses not to discuss their testimony or the testimony of other possible witnesses with other witnesses during the pendency of such proceedings." Three days later, Judge Arterton referred the pending motion to this Magistrate Judge. (Dkt. #32).  One week later, defendant filed his brief in opposition.  (Dkt. #33).  In his brief, defendant represents that he does not oppose plaintiff's motion "insofar as it seeks the sequestration of witnesses at trial, beyond those specifically exempted under Rule 615 of the Federal Rules of Evidence," but he does object to the extent that plaintiff seeks a sequestration order relating to pre-trial matters, which would preclude defendant from "meaningful participation in this action, to which he is entitled as a party defendant."  (Id. at 1; see also id. at 2-6).

As previously stated, dispositive motions are not due in this case for another ten months, on May 15, 2015, so trial is hardly imminent.  Accordingly, plaintiff's Motion for Sequestration of Witnesses (Dkt. #30) is denied without prejudice to renew at trial, consistent with Rule 615 of the Federal Rules of Evidence, and is denied in all other respects.